UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMONICA MICHELLE RAGESDALE,   )
                                )
        Plaintiff,              )   Case No. 1:11-cv-33
                                )
v.                              )   Honorable Robert Holmes Bell
                                )
MACY'S DEPARTMENT STORE, et al.,)
                                )   **REPORT AND RECOMMENDATION**
        Defendants.             )
_____)

This purports to be a civil rights action brought pursuant to 42 U.S.C. § 1983 for violation of plaintiff's constitutional rights. Plaintiff alleges that jurisdiction arises under 28 U.S.C. § 1331 (general federal-question) and § 1343 (actions for vindication of civil rights). Defendants are Macy's Department Store and two employees -- Brent Joseph Byington (identified as a loss prevention employee) and Sheri Mason (identified as a supervisor). Plaintiff's *pro se* complaint arises from an incident that occurred on December 7, 2010, when plaintiff was a retail customer at the Macy's Department Store located in Kentwood, Michigan. Plaintiff alleges that defendant Byington approached her, asked to look inside her bag, and when she refused to do so, threw her to the ground. Plaintiff alleges that Byington violated her Fourth Amendment rights to be free from unreasonable searches and seizures and to be detained without probable cause. She further alleges that Byington subjected her to cruel and unusual punishment, in violation of the Eighth Amendment, and that Macy's and Byington's supervisors are vicariously liable for his unconstitutional acts. Finally, plaintiff alleges a violation of her right to equal protection under the Fourteenth Amendment.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**Discussion**

Plaintiff brings her claims against Macy's and its employees under 42 U.S.C. § 1983. To prevail on a section 1983 claim, a plaintiff must demonstrate that defendant deprived her of her "rights, privileges, or immunities secured by the Constitution" under color of state law. Plaintiff may not proceed under section 1983 against a private party "no matter how discriminatory or wrongful the party's conduct." *Tahfs v. Procter*, 316 F.3d 584, 590 (6th Cir. 2003). Rather, a plaintiff has the burden of pleading and proving that a defendant should be deemed a "state actor." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007). "As a matter of substantive constitutional law, the state-actor requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). A private actor acts under color of state law only when his conduct is "fairly attributable to the state." *Lugar*, 457 U.S. at 937.

Plaintiff's complaint is devoid of any allegation that would indicate that Macy's or any of its employees was acting under color of state law within the meaning of section 1983. The Supreme Court has established three tests to determine whether the conduct of a private actor is fairly attributable to the state: the public function test, the state compulsion test, and the symbiotic relationship or nexus test. *See Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 828 (6th Cir. 2007). Of these three tests, the only possibly relevant one in the present case is the public function test. Under this test, courts have found state action present when a private entity exercises powers traditionally reserved to the state alone. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). The Supreme Court has found this test to be satisfied in certain narrow circumstances, such

as where the state allowed a private group to hold elections. *See Terry v. Adams*, 345 U.S. 461 (1953). The Court has expressly declined to decide the question whether private persons exercising duties traditionally fulfilled by police officers perform a public function for purposes of section 1983. *Flagg Bros.*, 436 U.S. at 163-64.

The Sixth Circuit, however, has directly addressed the question reserved by the Supreme Court in *Flagg Brothers*, in cases involving arrests by private security guards. *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824 (6th Cir. 2007), is directly on point and controls the outcome of this case. In *Lindsey*, plaintiffs brought a section 1983 claim against a Detroit casino arising from allegedly illegal detention by private security personnel. The central issue was whether the security guards acted under color of Michigan law. The Sixth Circuit found it dispositive that the State of Michigan had not invested these private security officers with any power of arrest or other power traditionally reserved to the state. 484 F.3d at 828-31. The Court distinguished its previous decision in *Romanski v. Detroit Entertainment, LLC*, 428 F.3d 629 (6th Cir. 2005), which involved security officers licensed under a Michigan statute that granted licensed officers "the authority to arrest a person without a warrant as set forth for public peace officers." 484 F.3d at 829 (quoting MICH. COMP. LAWS § 338.1080). "[T]he fact that Michigan delegated a part of the police power to licensed private security guards, which it had traditionally and exclusively reserved for itself, was the key fact that justified finding state action in *Romanski*." 484 F.3d at 831. By contrast, the private security guards in *Lindsey* had no such authority delegated to them by the state and were not authorized to exercise "any powers above and beyond those possessed by ordinary citizens." *Id.* Relying on its previous decision in *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003), the court reiterated the rule that a merchant exercising the "shopkeeper's privilege" to prevent theft does

not act under color of state law. *Id.*; *accord Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 343 (6th Cir. 2006) (an unlicensed private security guard who detains and arrests a customer to advance the business interest of the employer does not perform a function exclusively reserved to the state); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451-52 (6th Cir. 2007) (unlicensed security personnel did not act under color of state law).

Application of this Sixth Circuit authority leads to the conclusion that plaintiff has failed to state a claim upon which relief can be granted under section 1983, for failure to allege any circumstances indicating that Macy's or its employees were acting under color of state law. Plaintiff identifies defendant Byington as a loss prevention employee. She does not allege that he was acting pursuant to a state license authorizing him to exercise the power of arrest or any other function reserved solely to the state. Under governing Sixth Circuit authority, such loss prevention employees are private citizens, and their actions cannot be "fairly attributable to the state." *Lindsey*, 484 F.3d at 831. Neither Macy's nor the individual defendants acted under color of state law. Plaintiff's complaint, accepted as true, fails to state a claim against any defendant under 42 U.S.C. § 1983. Plaintiff's redress lies in the state courts for assault and battery or false imprisonment, not in the federal courts.

**Recommended Disposition**

I recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted.

Dated: January 20, 2011            /s/ Joseph G. Scoville
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).